# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**PHILLIP DEWAYNE STEWART**  **PLAINTIFF**
**ADC #151956**

V.    CASE NO. 4:17-CV-641-SWW-BD

**DOC HOLLADAY, Sheriff,**
**Pulaski County;** *et al.*    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**    **Procedure for Filing Objections:**

The following Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Mr. Stewart may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Stewart may also waive any right to appeal questions of fact.

**II.**    **Discussion:**

On October 6, 2017, Plaintiff Phillip Dewayne Stewart, an inmate at the Pine Bluff Unit of the Arkansas Department of Correction, filed this action pro se under 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Docket entry #2) Mr. Stewart

requested that he be allowed to proceed *in forma pauperis*. (#1)  The Court denied that request based on Mr. Stewart's litigation history, and because he did not plead facts indicating that he was in immediate peril.[1]  (#4)  The Court ordered Mr. Stewart to pay the $400 filing fee within thirty days or risk having his claims dismissed.  *Id.*

The so-called "three strikes" rule bars prisoners from proceeding IFP if they have filed three or more federal cases that were dismissed as frivolous or malicious, or for failure to state a claim for relief.[2]

Mr. Stewart has objected to the denial of his IFP motion. (#5) He asserts that he should be allowed to proceed IFP because he is indigent, his constitutional rights have been violated, this case is not frivolous or malicious, and because he is in imminent danger.  *Id*. While Mr. Stewart alleges that he is in imminent danger, "absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," the imminent danger exception is not satisfied. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  Because Mr. Stewart has not made any specific factual allegations indicating imminent danger, he should not

---

[1] The following dismissals constitute "strikes" against Mr. Stewart for purposes of 28 U.S.C. § 1915(g): *Stewart v. Evans*, E.D. Ark. Case No. 5:16cv81 (dismissed March 24, 2016); *Stewart v. Hobbs, et al.*, W.D. Ark. Case No. 6:15cv6023 (dismissed Jan. 26, 2016); *Stewart v. Murphy, et al.*, W.D. Ark. Case No. 6:14cv6077 (dismissed March 15, 2015); and *Stewart v. Hobbs, et al.*, E.D. Ark. Case No. 5:13cv381 (dismissed Jan. 31, 2014).

[2] There is an exception, of course, if these plaintiffs plead facts indicating that they are in immediate danger of serious physical injury.

be allowed to proceed IFP. Further, because Mr. Stewart has not paid the filing fee within the time allowed, his claims should now be dismissed, without prejudice.

**III.     Conclusion:**

The Court recommends that all claims raised by Mr. Stewart be DISMISSED, without prejudice, because he has not satisfied the filing fee requirement as ordered.

IT IS SO RECOMMENDED this 9th day of November 2017.

_____
UNITED STATES MAGISTRATE JUDGE